IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY Z. LEE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **1:05CV717B** |
| **COMPASS BANCSHARES, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant Compass Bancshares, Inc. ("Compass Bancshares") and Real-Party-In-Interest Compass Bank[1] ("Compass") answers the allegations of the Complaint as follows:

1.  Compass denies that it has violated any of the statutes listed in paragraph one and that the plaintiff is entitled to any relief.

2.  Compass admits this Court has subject matter jurisdiction, but denies that the plaintiff has met all the jurisdictional prerequisites to suit for some of her claims.

3.  Compass denies that it committed any unlawful employment practice, admits that the plaintiff was employed in Houston County, Alabama, and admits that venue is proper.

III. Parties (unnumbered paragraph). Compass is without sufficient knowledge or information sufficient to form a belief as to the truth as to where the plaintiff was born,

---

[1] The plaintiff erroneously has named as the defendant Compass Bancshares, Inc. Compass Bancshares, Inc., was not the plaintiff's employer, and therefore not a proper defendant. Rather, Compass Bank was the plaintiff's employer and the real party in interest. Compass Bancshares should be dismissed from this action. Compass Bancshares denies each and every allegation of the complaint except that it is a bank holding company headquartered in Birmingham, Alabama.

788334.1

admits that the plaintiff resided within the Middle District of Alabama during her employment with Compass, admits that the plaintiff defines herself as Asian, admits that Compass Bancshares, Inc. is a bank-holding corporation headquartered in Birmingham, admits that Compass Bank has operations in the Middle District of Alabama, and denies the remaining allegations of this paragraph.

4. Compass admits that the plaintiff was hired in April 2001 and was discharged on January 28, 2005.

5. Compass denies the allegations of paragraph 5.

6. Compass denies the allegations of paragraph 6.

7. Compass denies the allegations of paragraph 7.

8. Compass denies the allegations of paragraph 8.

9. Compass denies the allegations of paragraph 9.

11.[2] Compass denies that the plaintiff is entitled to any requested relief.

12. Compass denies that the plaintiff is entitled to any requested relief.

13. Compass denies that the plaintiff is entitled to any requested relief.

14. Compass denies that the plaintiff is entitled to any requested relief.

15. Compass denies that the plaintiff is entitled to any requested relief.

## **AFFIRMATIVE DEFENSES**

1. Some of the plaintiff's claims are barred by the applicable statute of limitations.

2. The plaintiff has not met the jurisdictional prerequisite to suit for some of her claims.

3. Compass at all times acted in good faith and without discriminatory intent.

4. Some or all of the plaintiff's claims and/or relief sought are foreclosed because the plaintiff is guilty of unclean hands.

5. Some or all of the plaintiff's claims and/or relief sought are foreclosed because of equitable or judicial estoppel.

6. All of Compass' decisions and actions as alleged in the complaint were undertaken for legitimate, nondiscriminatory reasons. Alternatively, Compass' decisions and/or actions would have been undertaken even had the plaintiff not been in the alleged protected status.

7. Any allegedly discriminatory decisions by Compass or its employees would have been contrary to its good faith efforts to comply with federal law.

8. Upon information and belief, the plaintiff has failed to mitigate her damages.

9. The punitive damages claimed by the plaintiff violates the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, the Constitution of Alabama, 1901, as amended, as are contrary to the due process of law guaranteed by Article 1, Section 6 of the Constitution of Alabama, 1901, as amended.

10. Compass maintained a valid and effective equal employment opportunity policy that prohibited discrimination. The plaintiff failed to avail themselves of this policy.

11. The plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Compass or to avoid harm otherwise.

---

[2] The complaint does not contain a paragraph 10.

788334.1

12. Compass Bancshares, Inc. was not the plaintiff's employer and is not a real party in interest.

13. The plaintiff has failed to join a necessary party under Rule 19.

14. Compass denies all allegations that are not specifically admitted herein.

15. Compass reserves the right to amend its Answer and add additional defenses to the extent such defenses are revealed during the discovery process.

/s/ Brentley T. Cobb
One of the Attorneys for Defendant,
Compass Bancshares, Inc. and Real-Party-
In-Interest Compass Bank

**OF COUNSEL:**

Douglas B. Kauffman (KAU005)
Brentley T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 30th day of August, 2005:

Malcolm R. Newman
P. O. Box 6137
Dothan, Alabama 36302

/s/ Brentley T. Cobb
OF COUNSEL

788334.1

4