DEFENDANT'S EXHIBIT 3

## Declaration of Mona George

1. My name is Mona George. Currently and at all times relevant to the matters discussed below, I have been employed by Compass Bank as the District Service Operations Manager ("DSOM") for the Southeast District. I have personal knowledge relating to the matters herein.

2. Compass Bank's branches or banking centers are organized into Districts. The Dothan Main branch or banking center is located within the Southeast District. Shirley Lee was employed as a Teller in the Dothan Main branch.

3. In or about September 2003, Compass requested that all Tellers to provide a "T" bar or notation on each check being cashed. A "T" notation requires Tellers to put certain information into four quadrants of a "T" or cross. The top left quadrant contains a notation that Compass' system has been checked for messages (e.g., stop payments) and the open date of the account. In the top right quadrant, the Teller must note information regarding the individual's ID (e.g., driver's license). The bottom left quadrant should contain a check mark ($\checkmark$) indicating the current balance of the account on which the check is being drawn has been checked along with the initials of who is approving the transaction, assuming the transaction is above the Teller's delegated authority. The bottom right quadrant requires the Teller to note if a "hold" has been placed on the check. After September 2003, I and the Customer Services Managers provided training to the Tellers, including those Tellers at the Dothan Main branch, regarding the "T" notation requirement.

4. On October 12, 2004, I provided Tellers assigned to the Dothan Main branch, including Ms. Lee, refresher training regarding the check-cashing procedures. In

addition to providing oral instructions relating to check-cashing procedures, I provided the Tellers with written materials, including the following: (1) a Mini-Proof Checklist that in part reminded to complete the "T" notation on checks, review their delegated authority limits and to verify the proper endorsements on checks; (2) a document entitled, "7 Teller Strategic Questions," which in part reminds Tellers to check their authority and endorsements; (3) a sample check which describes the "T" notation that should be completed on checks and the information that is to be written within the "T"; and (4) a reminder regarding customer impersonation scams. I further informed the Tellers of a recent check-cashing scheme that had occurred at other Compass branches involving individuals impersonating Compass customers and presenting fraudulent checks for cashing.

5. In April 2004, Lee provided Compass with a letter of resignation. I spoke with Ms. Lee regarding her letter of resignation and asked her to reconsider her decision. Ms. Lee decided to reconsider her decision, and I along with Regina McNeil and Jerri Carothers agreed to allow Ms. Lee to rescind her resignation.

6. Prior to Ms. Lee's termination of employment, I learned that Ms. Lee had cashed two fraudulent checks that collectively resulted in a loss to Compass Bank of $3,000.00. Because Ms. Lee did not follow the well-established check-cashing procedures, including writing the "T" notation and the required information within the "T", the Southeast District was charged with the loss. The decision to terminate Ms. Lee's employment was made as a result of her failure to follow check cashing procedures that resulted in a loss to the Southeast District.

7. Prior to Ms. Lee's termination from employment, Compass terminated the employment of two other Tellers in the Southeast District as a result of their failure to follow check cashing procedures that resulted in a loss to the Southeast District arising out of the same check-fraud scheme as occurred when Ms. Lee cashed two fraudulent checks. On December 27, 2004, a white female Teller at Compass Bank's Eufaula branch was discharged for failing to follow check-cashing procedures while cashing one check on September 29, 2004 in the amount of $1,500. A true and accurate copy of her termination memorandum, which is kept in the ordinary course of business, is attached here as Exhibit A.

8. On January 21, 2005, a white male Teller at Compass Bank's Dothan Wiregrass branch was discharged for failing to follow check-cashing procedures in cashing one check on January 3, 2005 in the amount of $1,800. A true and accurate copy of his termination memorandum, which is kept in the ordinary course of business, is attached hereto as Exhibit B.

9. In September 2004, Tiffany Davis cashed a fraudulent check arising out of the same fraudulent scheme as reference above. However, Tiffany Davis, wrote the "T" notation and the required information on the check. Ms. Davis was working at the Dothan Wiregrass branch at the time she cashed the check but was working at the Dothan Main branch at the time the fraudulent check was discovered. Because Ms. Davis followed check cashing procedures, the Southeast Division was not charged with the loss resulting from the fraudulent check. Accordingly, I made the decision not to terminate Ms. Davis' employment, because she had followed check cashing procedures.

I declare under the penalty of perjury laws of the United States of America that the foregoing is true and correct.

Date: 4-20-06

*Mona George*
Mona George



# Compass Bank

TO:       Tracy Braswell

FROM:     Renee Gibson/ Betty Hays

DATE:     December 27, 2004

SUBJ:     Performance- Failure to follow Teller Standards/ Delegated Authority (check cashing limits)

Customers place their trust in our abilities and we must honor that trust by working responsibly and conscientiously. A Compass Bank teller must avoid actions that subject the Bank and its customers to losses.

On September 29, 2004 you cashed a non-Compass check in the amount of $1500.00 for customer Julie M. Brannon. This check was drawn on an account in Miami Fl. You failed to obtain customer identification, thumb print, signature was not verified on system and no T bar with required information or customers account number referenced on check or in teller machine. In addition, you did not receive supervisor's approval and the check was over your delegated authority.

This check was part of several fraudulent checks written against Mrs. Brannon's account. Due to the fact policy was not followed when check was presented for payment, Compass Bank and our office has taken the loss of $1500.00.

In accordance with the Teller Standards, which you signed on 09/25/01 and delegated authority signed on 03/19/02. The failure to adhere to your checking cashing limit and bank policy and procedures requires us to terminate our employment relationship with you. You may resign if you choose, if not, your employment will be terminated effective immediately.

We wish you the best in your future endeavors. Human Resources will forward to your home address, the benefits termination information. If you have any questions, you may call them at 251-470-7327.

Please sign below acknowledging receipt of this memorandum:

_Tracy Braswell_                                    12-27-04
Tracy Braswell                                      Date

cc:   Human Resources/Personnel File

_Resign_

Compass/Lee
003



EXHIBIT B

 **Compass Bank**

TO: JonathanGandy

FROM: Robby Clark/Cathy Sprouse

DATE: January 21, 2005

SUBJ: Performance- Failure to follow Teller Standards/ Delegated Authority (check cashing limits)

Customers place their trust in our abilities and we must honor that trust by working responsibly and conscientiously. A Compass Bank teller must avoid actions that subject the Bank and its customers to losses.

On January 3, 2005 you cashed a non-Compass check in the amount of $1800.00 for customer Valentina Butler. This check was drawn on an account in Miami FL. You failed to obtain customer thumb print and the signature was not verified on the system. In addition, you did not receive supervisor's approval and the check was over your delegated authority.

This check was part of several fraudulent checks written against Mrs. Butler's account. Due to the fact policy was not followed when the check was presented for payment, Compass Bank and our office has taken the loss of $1800.00.

In accordance with the Teller Standards and the delegated authority signed by you on 10/12/2004 the failure to adhere to your checking cashing limit and bank policy and procedures requires us to terminate our employment relationship with you. You may resign if you choose, if not, your employment will be terminated effective immediately.

We wish you the best in your future endeavors. Human Resources will forward to your home address, the benefits termination information. If you have any questions, you may call them at 251-470-7327.

Please sign below acknowledging receipt of this memorandum:

_Jonathan Gandy_     1-26-05
Jonathan Gandy            Date

cc: Human.Resources/Personnel File

Compass/Lee
001