IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHIRLEY Z. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-CV-717-WHA |
| | ) | |
| COMPASS BANK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case is before the court on a Motion for Summary Judgment filed by Defendant, Compass Bank, Inc.("Compass") (Doc. #12).

Shirley Lee ("Lee") is a naturalized United States citizen, whose natural origin is Chinese. She was employed by Compass as a bank teller from April 2001 until she was terminated in January, 2005. Lee has filed claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981 alleging that Compass discriminated against her because of her national origin. Specifically Lee's complaint alleges: (1) that she was discharged because she is of Asian decent; (2) that she was denied promotions to the position of Financial Sales Representative on three occasions because of her national origin; and (3) that she was the victim of "discriminatory discipline" in that she was disciplined in a public, humiliating fashion because of her national origin.

Now, Compass has filed a Motion for Summary Judgment as to all claims asserted. Compass denies that it discriminated against Lee in any way, and argues that Lee's promotion

claims are time barred because she failed to file an EEOC charge within 180 days of the alleged unlawful act.

On April 27, 2006, this court entered an Order giving Lee until May 18, 2006 to respond to the Motion for Summary Judgment, and stating that the Motion for Summary Judgment would be taken under submission on May 25, 2006. No response to the Motion for Summary Judgment has been filed by Lee as of the date of this Order.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. Id. at 1101-02. Accordingly, the court will review the evidentiary materials presented by the Defendants in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-

324.

In the instant case, the Defendant, Compass, has met this burden. Compass has articulated several bases for summary judgment as to Lee's claims, and has supported its motion with declarations by Lee's superiors at Compass, as well as documentation to support the legality of actions taken by Compass towards Lee during her employment and termination.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Pro. 56(e).

By failing to file any response to the Motion for Summary Judgment, Lee has failed to meet her burden under Rule 56. Further, the court has reviewed the evidentiary material submitted by the moving Defendant and finds no question of fact as to any material issue raised by that Defendant as a ground for summary judgment.

Accordingly, it is hereby ORDERED that the Motion for Summary Judgment (Doc. #12) is GRANTED. A separate Judgment will be entered in accordance with this Order.

Done this 19th day of April, 2006.

    /s/ W. Harold Albritton
    W. HAROLD ALBRITTON
    SENIOR UNITED STATES DISTRICT JUDGE